BR

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08cr16-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | (Fed. R. Crim. P. 7) |
| PACCSHIP (UK), LTD. ) | |

THE UNITED STATES ATTORNEY CHARGES:

At all times relevant to this Criminal Information:

COUNT ONE
(Obstruction - Falsification of Records - 18 U.S.C. §1519)

INTRODUCTION

1. PACCSHIP (UK), LTD., defendant herein, is a private corporation incorporated in the United Kingdom. PACCSHIP (UK), LTD. is the operator and manager of approximately seven multi-purpose general cargo ships and three post-Panamax bulk carrier ships that regularly carry goods between Asia and ports in the United States, including Morehead City, North Carolina, located in the Eastern District of North Carolina.

2. The M/V Pac Antares ("*Pac Antares*") and the M/V Pac Altair ("*Pac Altair*") were two of the ships operated and managed by PACCSHIP (UK), LTD. and regularly transported cargo between various ports in Asia and the United States, including Morehead City, North Carolina, located in the Eastern District of North Carolina.

3. The *Pac Antares* was an approximately 20,471-ton ocean-

going multi-purpose general cargo ship, 587 feet in length, and registered in Singapore.

4. The *Pac Altair* was an approximately 20,471-ton ocean-going multi-purpose general cargo ship, 587 feet in length, and registered in Singapore.

5. Engine Department operations on large marine vessels like the *Pac Antares* and the *Pac Altair* generate large quantities of oil-contaminated bilge waste created when water mixes in the bottom of the vessel, known as the bilges, with oil leaked and dripped from the engines' lubrication and fuel systems. These oily mixtures are also known as "bilge slops" and are collected, stored, and processed to separate the water from the oil and other wastes using a pollution prevention control device known as an Oily Water Separator and oil-sensing device known as an Oil Content Meter. The Oil Content Meter is designed to evaluate the oil content in a sample of the effluent after passing through the Oily Water Separator. If the Oil Content Meter determines that the oil content of the effluent exceeds fifteen (15) parts per million ("ppm"), then an audio and visual alarm will sound and a solenoid three-way valve will be triggered to redirect the effluent to a storage tank aboard the vessel. If the Oil Content Meter determines that the oil content in the effluent is fifteen (15) ppm or less, then the effluent is discharged overboard. The operation of large marine vessels like the *Pac Antares* and the *Pac Altair*

Case 4:08-cr-00016-BO   Document 1   Filed 03/18/08   Page 2 of 8

also produce large quantities of oil sludge generated onboard such vessels during the process of purifying fuel oil, lubricating oil, and other petroleum products so that these products can be used in the engines on the vessel. Under normal operations, the oil sludge generated as a result of this process is stored on board the vessel until it is either burned in the ship's incinerator or offloaded onto barges or shore-based facilities for disposal.

## LEGAL FRAMEWORK

6. The United States is part of an international regime that regulates the discharge of oil from vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (the "MARPOL Protocol"). The MARPOL Protocol is embodied in agreements that the United States has ratified and has been implemented in the United States by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. §§ 1901, *et seq*. APPS makes it a crime for any person to knowingly violate the MARPOL Protocol, APPS, or regulations promulgated under APPS. These regulations apply to all commercial vessels operating in the navigable waters of the United States or while in a port or terminal under the jurisdiction of the United States, including vessels operating under the authority of a country other than the United States.

7. The MARPOL Protocol established an international regime for the treatment and disposal of oil-contaminated waste generated

3

from the machinery spaces of a vessel. Under the MARPOL Protocol, machinery space waste may be discharged overboard into the ocean only if it does not exceed fifteen (15) ppm of oil and the ship has in operation required pollution prevention equipment, to include oil filtering equipment (*e.g.*, an Oily Water Separator), an alarm, and an automatic stopping device (*e.g.*, an Oil Content Monitor and a solenoid three-way valve) to prevent the discharge of a mixture containing more than the legally permitted concentration of oil.

8. Consistent with the requirements contained in the MARPOL Protocol, the APPS regulations require that a vessel, other than an oil tanker, of 400 gross tons or more, such as the *Pac Antares* and the *Pac Altair*, maintain a record known as an Oil Record Book in which the transfer and disposal of all oil-contaminated waste and the discharge overboard and disposal otherwise, including disposals by transfer to other internal tanks, of oily mixtures, slops from bilges and bilge water that has accumulated in machinery spaces must be recorded. 33 C.F.R. § 151.25 (a) and (d); MARPOL Annex I, Regulation 20 and Appendix III. Discharges from the machinery spaces of the ship must be fully and accurately recorded in the Oil Record Book without delay by the person in charge of the operations. 33 C.F.R. §§ 151.25(d) and (h). The Oil Record Book also must record any emergency, accidental, or other exceptional discharges of oil or mixtures, including a statement of the circumstances of, and reasons for, the discharge. 33 C.F.R. §

4

151.25(g). The Oil Record Book must be maintained on board the vessel for not less than three years, and be readily available for inspection at all reasonable times. MARPOL Annex I, Regulation 20 (5).

9. Port states, such as the United States, conduct inspections, known as Port State Control examinations, to verify compliance with MARPOL requirements and other international standards in their ports and navigable waters. Failure to comply with MARPOL requirements can form the basis of an order to refuse to allow a ship to enter port, to prohibit the ship from leaving port without remedial action, or to refer the matter to the flag state or, where appropriate, prosecution in the United States. *See* MARPOL Articles 4, 5, 6.

10. The United States Coast Guard ("U.S. Coast Guard"), an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under Title 14, United States Code, Section 89(a) to board vessels and conduct inspections and investigations, including Port State Control examinations, of potential violations and to determine compliance with the MARPOL Protocol, APPS, and related regulations. In conducting these inspections and examinations, U.S. Coast Guard personnel rely on the statements of the vessel's crew and documents, including information contained in the Oil Record Book. The U.S. Coast Guard is specifically authorized to

5

examine a vessel's Oil Record Book. 33 C.F.R. §§ 151.23(a)(3) & (c).

## THE OFFENSE

11. From on or about March 11 through on or about April 11, 2006, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the U.S. Coast Guard and Department of Homeland Security and in relation to and in contemplation of such an investigation and matter in the Eastern District of North Carolina, PACCSHIP (UK), LTD., acting through its agents and employees, who were acting within the scope of their agency and employment, and for the benefit of PACCSHIP (UK), LTD., did knowingly alter, conceal, cover up, falsify, and make a false entry in a record or document to wit: defendant did fail to fully and accurately record in the Oil Record Book for the *M/V Pac Antares* transfers of oil-contaminated bilge waste and oil sludge and made false entries indicating that oil sludge had been burned in the incinerator when the incinerator was not used.

All in violation of Title 18, United States Code, section 1519.

## COUNT TWO
(False Statements-18 U.S.C. §1001(a(3))

1. Paragraphs 1-10 of Count One above are realleged and incorporated by reference as if fully set forth herein.

2. On or about April 11, 2006, in the Port of Morehead City,

6

North Carolina, within the internal waters of the United States and in the Eastern District of North Carolina, PACCSHIP (UK), LTD., defendant herein, acting through its agents and employees, who were acting within the scope of their agency and employment, and for the benefit of PACCSHIP (UK), LTD., did knowingly and willfully make and use and cause the making and use of materially false writings and documents, in a matter within the jurisdiction of the U.S. Coast Guard and Department of Homeland Security.

All in violation of Title 18, United States Code, Section 1001(a)(3).

## COUNT THREE
### (False Statements-18 U.S.C. §1001(a(3))

1. Paragraphs 1-10 of Count One above are realleged and incorporated by reference as if fully set forth herein.

2. On or about November 4, 2006, in the Port of Morehead City, North Carolina, within the internal waters of the United States and in the Eastern District of North Carolina, PACCSHIP (UK), LTD., defendant herein, acting through its agents and employees, who were acting within the scope of their agency and employment, and for the benefit of PACCSHIP (UK), LTD., did knowingly and willfully make and use and cause the making and use of materially false writings and documents, in a matter within the jurisdiction of the U.S. Coast Guard and Department of Homeland Security.

All in violation of Title 18, United States Code, Section 1001(a)(3).

GEORGE E. B. HOLDING
United States Attorney

_____
By:  BANUMATHI RANGARAJAN
Assistant United States Attorney
Criminal Division


RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

_____
By:  JOSEPH A. POUX, JR.
Trial Attorney
Environmental Crimes Section

8